UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY E. COLE, on behalf of herself and all others similarly situated,<br><br>                                         Plaintiff,<br>v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC; VIRTUS STRATEGY TRUST f/k/a ALLIANZ FUNDS MULTI-STRATEGY TRUST; DONALD C. BURKE; SARAH E. COGAN; DEBORAH A. DECOTIS; F. FORD DRUMMOND; SIDNEY E. HARRIS; JOHN R. MALLIN; CONNIE D. MCDANIEL; PHILIP MCLOUGHLIN; GERALDINE M. MCNAMARA; R. KEITH WALTON; BRIAN T. ZINO; AND GEORGE R. AYLWARD ,<br><br>                                         Defendants. | Case No.:  22CV747-GPC(WVG)<br><br>**ORDER GRANTING JOINT MOTION FOR APPROVAL OF STIPULATION AND ORDER TO EXTEND TIME TO RESPOND TO THE COMPLAINT**<br><br>[Dkt. No. 34.] |

      Pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 7.2, Plaintiff Emily E. Cole ("Plaintiff") and Defendants Allianz Global Investors U.S. LLC ("AGI"); Virtus Strategy Trust f/k/a Allianz Funds Multi-Strategy Trust; Donald C. Burke; Sarah E. Cogan; Deborah A. Decotis; F. Ford Drummond; Sidney E. Harris; John R. Mallin;

Connie D. McDaniel; Philip McLoughlin, Geraldine M. McNamara; R. Keith Walton; Brian T. Zino; and George R. Aylward (collectively, "Trust Defendants" and together with AGI, "Defendants") (collectively, Defendants and Plaintiff are "the Parties") by and through their undersigned counsel of record, jointly move for approval of the following stipulation with respect to Defendants' time to respond to the filed complaint, as follows:

WHEREAS, on May 24, 2022 Plaintiff filed a complaint, which asserts, inter alia, claims against Defendant AGI under the Securities Exchange Act of 1934 on behalf of a putative class (the "Class");

WHEREAS, the Private Securities Litigation Reform Act of 1995 ("PSLRA") sets forth a statutory process for the selection of one or more members of the Class to serve as lead plaintiff and lead counsel to represent the Class;

WHEREAS, pursuant to the PSLRA, 15 U.S.C. § 78u-4, the deadline for Class members to file a motion to be appointed lead plaintiff is July 25, 2022;

WHEREAS, Plaintiff served the Trust Defendants on May 27, 2022;

WHEREAS, Plaintiff served Defendant AGI on June 10, 2022;

WHEREAS, the Parties anticipate that after the lead plaintiff is appointed and lead counsel is approved by the Court, the lead plaintiff may file a consolidated or amended complaint, as is customary in cases governed by the PSLRA;

WHEREAS, the Parties agree that adjourning Defendants' time to move, answer or otherwise respond to the Complaint until after (i) the lead plaintiff and lead counsel are appointed by the Court pursuant to the PSLRA, and (ii) such lead plaintiff either designates an operative complaint or files a consolidated or amended complaint, would preserve the Court's and the Parties' time and resources and promote judicial efficiency;

WHEREAS, the Parties have not previously requested any extensions, the Parties do not enter into this stipulation for the purpose of delay, and the Court has not yet scheduled any pre- trial or trial dates; and

WHEREAS, no party will be prejudiced by the stipulated-to extension;

NOW THEREFORE, the Parties hereby stipulate and agree to, and jointly move for approval of, the following:

1. Defendants' time to move, answer, or otherwise respond to the Complaint, is adjourned sine die.

2. Once an order is entered appointing lead plaintiff and lead counsel, such lead plaintiff will have 30 days from the date thereof, including the date of entry of the order, to file a consolidated amended complaint; and

3. Defendants' time to answer, move, or otherwise respond to the amended complaint is extended to 60 days, including the date of filing, from the date of designation of the operative complaint or filing of the consolidated amended complaint, whichever lead plaintiff elects to do.

4. This Stipulation is entered into without prejudice to any party seeking any interim relief.

5. Nothing in this Stipulation shall be construed as a waiver of any Party's rights or positions in law or equity, or as a waiver of any defenses, except as to sufficiency of service of process, that Defendants would otherwise have, including, without limitation, jurisdictional defenses.

IT IS SO ORDERED.

Dated: July 12, 2022

Hon. Gonzalo P. Curiel
United States District Judge